IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

AVA MITCHELL TANNER
AND PHYLLIS FERNANDEZ                                                            PLAINTIFFS

V.                                                             CIVIL ACTION NO. 3:18CV23-NBB-RP

ALITA CHEATHAM MITCHELL
AND CRAIG CHEATHAM                                                               DEFENDANTS

## ORDER OF CONTINUANCE

This cause comes before the court upon the plaintiffs' Motion to Stay. The plaintiffs move to stay the trial of this cause currently set for May 20, 2019, as well as the current pretrial conference date and settlement conference date. The plaintiffs assert that the ends of judicial economy will best be served by a stay in this case, as a ruling in a related case, *Great American Life Ins. Co. v. Tanner*, 3:16cv70-DMB-JMV, could potentially affect the proceedings in the present case. *Great American* is currently on appeal before the Fifth Circuit Court of Appeals, Cause No. 18-60091, and a ruling is expected in early May. Both cases involve assertions that defendants herein, Alita Cheatham Mitchell and her son Craig Cheatham, exerted undue influence on Don Mitchell in the months before his death, causing him to disinherit his daughters, the plaintiffs herein, and leave the defendants the funds from two Great American annuities, a Prudential life insurance policy, and a Regions IRA account.

When *Great American*, an interpleader action to determine the rightful beneficiary of the annuities, was before the district court, the plaintiffs attempted to bring cross-claims against the defendants asserting rights to the life insurance policy and the IRA. The court found the claims outside the scope of Rule 13(g) of the Federal Rules of Civil Procedure and ruled only as to the

Great American annuities, granting summary judgment in favor of the plaintiffs on the claims of undue influence.

The plaintiffs assert that if *Great American* is reversed and remanded, they will move to consolidate the two cases. The defendants argue that consolidation is inappropriate, evidenced by the fact that the district court in *Great American* declined to hear the aforementioned cross-claims. The plaintiffs respond that argument as to consolidation is premature at this time, and they simply move the court to preserve its option to grant such a motion to consolidate depending on the outcome of the appellate court's decision.

The court notes that the pleading of cross-claims is governed by Rule 13 while the consolidation of cases is governed by Rule 42. Rule 13 requires that "the claim arise[ ] out of the transaction and occurrence that is the subject matter of the original action . . . ," while Rule 42 requires that the two actions "involve a common question of law or fact." This distinction could potentially result in a different outcome for a motion to consolidate than the court's ruling as to the cross-claims, when or if the consolidation issue becomes ripe.

Regardless, the court finds that a brief continuance to a date certain, as opposed to a stay, as requested by the plaintiffs, is appropriate in this case. An appellate ruling in *Great American* could prove beneficial and instructive to the parties and the court in the case *sub judice* in the event this case survives a ruling on any dispositive motions that may be filed and proceeds to trial, thus serving the ends of justice and judicial economy, and the court finds that the defendants will not be prejudiced by a short delay.

It is, therefore, **ORDERED AND ADJUDGED** that the plaintiffs' motion to stay is **DENIED** as presented, but the trial of this cause is hereby **CONTINUED**, *sua sponte*, until

July 22, 2019. It is further **ORDERED** that the motions deadline, currently set as February 22, 2019, is extended for seven days, or until March 1, 2019. The parties are directed to contact the assigned magistrate judge for a new pretrial conference date and a new settlement conference date.

This, the 20th day of February, 2019.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE