IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

AVA MITCHELL TANNER
AND PHYLLIS FERNANDEZ                                                          PLAINTIFFS

V.                                                      CIVIL ACTION NO. 3:18CV23-NBB-RP

ALITA CHEATHAM MITCHELL
AND CRAIG CHEATHAM                                                              DEFENDANTS

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

Presently before the court are the parties' motions for summary judgment. Upon due consideration of the motions, responses, exhibits, and applicable authority, the court finds that the motions are not well taken and should be denied.

This case involves allegations of undue influence exerted over Don Mitchell, the late father of the plaintiffs, Ava Mitchell Tanner and Phyllis Fernandez, by the defendants, Alita Cheatham Mitchell, Don's widow, and her son, Craig Cheatham, resulting in the plaintiffs being disinherited in favor of the defendants.[1] The specific assets at issue in this action are a Prudential life insurance policy obtained through Don's employment with Pine Bluff Sand and Gravel Company in the amount of $186,000.00 and a Cetera IRA account with Regions Bank in the amount of $149,000.00. Don had Alita and Craig designated as the beneficiaries of the Prudential policy on August 21, 2015, and as the beneficiaries of the Cetera account on August 24, 2015. Don and Alita had married a few days prior on August 17, 2015. Don died on December 1, 2015, at the age of 81.

In a related case, Great American Life Insurance Company filed an interpleader action to determine the proper beneficiary of two annuities belonging to Don in the amounts of

---

[1] For clarity, the court will refer to the parties by their first names.

$117,333.54 and $120,153.25. Don had removed Ava as the beneficiary of these annuities and named Alita as the primary beneficiary and Craig as the contingent beneficiary around the same time as the beneficiary changes at issue in the present case. The case was assigned to another judge in this district who granted summary judgment in favor of Ava[2] and rejected the claim of Alita and Craig. *See Great American Life Ins. Co. v. Tanner*, No. 3:16-CV-70-DMB-JMV, 2018 WL 700827 (N.D. Miss. Feb. 2, 2018). The district court found that a presumption of undue influence existed as to Craig and that he failed to rebut the presumption by clear and convincing evidence. *Id.* at *11, *15. Alita and Craig appealed, and the Fifth Circuit Court of Appeals vacated the summary judgment and remanded for further proceedings. *See Great American Life Ins. Co. v. Tanner*, 766 F. App'x 82 (5th Cir. 2019). The appellate court upheld the district court's finding that the presumption of undue influence applied to Craig.[3] *Id.* at 89. The court, however, found a number of genuine, material fact issues as to whether Alita and Craig can rebut the presumption of undue influence. *Id.* at 92. Among these are whether Craig acted in good faith, whether Don engaged in a "mature and thoughtful weighing of the legal consequences" of removing Ava as the beneficiary of the annuities, and whether "all of the surrounding facts and circumstances" show that Don exhibited independent consent and action. *Id.* at 90-92 (quoting *Estate of Holmes v. Holmes-Price*, 961 So. 2d 674, 685 (Miss. 2007) and *Vega v. Estate of Mullen*, 583 So. 2d 1259, 1264 (Miss. 1991)). The Fifth Circuit found that "[t]he undue influence analysis involves witness credibility determinations, and this is therefore an issue for trial." *Great American*, 766 F. App'x at 92 ("After all testimony relating to the [undue influence

---

[2] Phyllis was not a party in the interpleader action.
[3] Neither the district court nor the appellate court reached the question of whether Alita exerted an undue influence over Don. The district court found Craig's undue influence sufficient to render the entire Great American transfer voidable under Mississippi law and therefore declined to address the question as to Alita. The issue was therefore not properly before the Fifth Circuit on review and is to be considered at trial on remand per the appellate court's directive.

rebuttal] factors [is] received, it is still to the trier of fact to judge the credibility of the witnesses and the worth of their testimony.") (citing *Estate of Johnson v. Johnson*, 237 So. 3d 698, 714 (Miss. 2017)).

In the present case, this court finds that, though Don's transfers of the Prudential life insurance policy and the Cetera account from the plaintiffs to the defendants were transactions distinct from the transfers at issue in *Great American*, and though some of the witnesses presented to rebut the presumption of undue influence may differ, the surrounding circumstances are generally the same, and the transactions occurred during the same short time period just a few months prior to Don's death. In accordance with the Fifth Circuit's ruling in *Great American*, the court finds that Craig is subject to the undue influence presumption. As to Alita, the Mississippi Supreme Court has "recognized an exception to this rule [of the undue influence presumption] for confidential relationships between husbands and wives." *Estate of Langston v. Williams*, 57 So. 3d 618, 619 (Miss. 2011) (holding that the spousal exception to the undue influence presumption applies to gifts both testamentary and *inter vivos*). "In order to set a will aside upon the grounds of undue influence on the part of a spouse, it must be shown that the devisee spouse used undue methods for the purpose of overcoming the free and unrestrained will of the testator so as to control his acts and to prevent him from being a free agent." *Id.* at 620-21 (quoting *Genna v. Harrington*, 254 So. 2d 525, 528-29 (Miss. 1971)). It would appear to be of little consequence under the facts of this case as to whether the spousal exception applies to Alita. If the exception does apply, the burden would be on the plaintiffs to establish undue influence as to Alita. *Id.* at 622 (In the absence of the presumption due to the spousal exception, "one who claims the gift was a product of undue influence bears the burden of proof."). From a practical perspective, however, Craig's involvement basically renders the question moot, as

"[t]he participation of the beneficiary/grantee, or someone closely related to the beneficiary, arouses suspicious circumstances that negate independent action." *Harris v. Sellers*, 446 So. 2d 1012, 1015 (Miss. 1984). The Fifth Circuit has already determined that Craig is subject to the undue influence presumption. If Craig cannot overcome his burden with clear and convincing evidence, under Mississippi law, the transfers will be voidable anyway, despite any findings as to Alita, as the district court noted in *Great American v. Tanner*. *See Great American*, 2018 WL 700827, at *15 ("Mississippi law makes clear that if a transfer of an interest was caused by undue influence, 'then as a matter of law the transfer is voidable.'") (quoting *In re Fankboner*, 638 So. 2d 493, 495 (Miss. 1994)). In any event, the court finds the existence of a question of fact as to whether Alita employed "undue methods for the purpose of overcoming the free and unrestrained will" of Don. *Estate of Langston*, 57 So. 3d at 621. The existence of such a question precludes summary judgment as to Alita. As set forth above, summary judgment is likewise inappropriate as to Craig.

Accordingly, it is **ORDERED AND ADJUDGED** that the plaintiffs' motion for summary judgment is **DENIED**, and the defendants' motion for summary judgment is **DENIED**.

This 19th day of June, 2019.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE